### Fred C. Brown et al., Appellees, v. Phoebe Saathoff et al., Appellees. Gertrude Brown Arrison, Appellant.

### Gen. No. 6,393.    (Not to be reported in full.)

Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

### Statement of the Case.

Petition by Gertrude Brown Arrison to obtain a share of the proceeds of the partition sale of a farm and filed in the case of Fred C. Brown and others, complainants, against Phoebe Saathoff and others, defendants. From a judgment approving the report of the master in chancery who had sold the property, and holding petitioner guilty of laches, petitioner appeals.

BERT W. ADSIT and MCILDUFF & THOMPSON, for appellant.

A. C. BALL and GUY L. LOUDERBACK, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

Brown v. Saathoff, 205 Ill. App. 194.

## Abstract of the Decision.

1. INFANTS, § 28*—*when infant guilty of laches in commencing suit after reaching majority.* In a suit in equity against a former master in chancery to recover the proportionate part of the proceeds of a partition sale to which the complainant was entitled, where it appeared that the complainant, who was a minor, fifteen years old, entered her appearance in the partition suit without service of process on her, and where her minority was not known, and in an amended bill complainant was stated to be of legal age, and the master in chancery paid over the proportionate part to which complainant was entitled to certain attorneys, who he assumed were authorized to appear for her, but whom the complainant claimed not to have employed, and where the proceeds were all distributed and the master, whose term had then expired, had not filed a report (the report having been filed after commencement of the instant suit), and complainant made no move in the matter until she was twenty-seven years of age, and there was no showing of any disability on her part since her majority, *held* that although the master should have filed his report and should have ascertained the authority of the attorneys to collect complainant's money, he acted in good faith and complainant was barred from recovery by laches.

2. ATTORNEY AND CLIENT, § 52*—*when authority of attorneys to act presumed.* The authority of attorneys to act for the parties for whom they appear is presumed by the courts.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.